**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Brendan M. Scott
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
CHOXI.COM, INC., a/k/a NOMORERACK.COM,                      :    Case No. 16-13131(SCC)
INC.                                                        :
                                                            :
                            Debtor.                         :
------------------------------------------------------------x

### APPLICATION FOR AN ORDER APPROVING THE RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Choxi.com, Inc., a/k/a Nomorerack.com, Inc. (the "Debtor"), the debtor and debtor-in-possession in in the above-captioned chapter 11 case (this "Case"), submits this application (the "Application") for an order, substantially in the form attached hereto as Exhibit A, approving the employment and retention of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as their general bankruptcy counsel, *nunc pro tunc* to the Petition Date (defined below), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Debtor submits the affidavit of Tracy L. Klestadt (the "Klestadt Affidavit"), attached hereto as Exhibit B and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On November 14, 2016, an involuntary chapter 7 petition (the "Involuntary Petition") was filed by certain creditors of the Debtor.

3. On December 5, 2016, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its business and manage its property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner or official committee of unsecured creditors has been appointed in this chapter 11 Case.

6. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Affidavit of Eddy Friedfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration").

## BASIS FOR RELIEF REQUESTED

7. The Debtor seeks authority to retain KWJS&S as attorneys pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. Bankruptcy Code section 327(a) empowers the Debtor, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons" to represent or assist the Debtor. 11 U.S.C. § 327(a).

2

**RELIEF REQUESTED**

8.      By this Application, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to employ and retain KWJS&S as general bankruptcy counsel, *nunc pro tunc* to the Petition Date.

9.      The Debtor respectfully submits that it requires counsel pursuant to §327(a) of the Bankruptcy Code to, *inter alia*:

a.  advise the Debtor with respect to its rights, powers and duties as debtor and debtor-in-possession in the continued management and operation of its business and assets;

b.  attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the cases, including all of the legal and administrative requirements of operating under chapter 11;

c.  take all necessary action to protect and preserve the Debtor's estate, including prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved and objections to claims filed against the estate;

d.  prepare on behalf of the Debtor such motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

e.  assist the Debtor in analysis and negotiations with any third party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value;

f.  represent the Debtor at all hearings and other proceedings;

g.  assist the Debtor in analysis of matters relating to the legal rights and obligations of the Debtor with respect to various agreements and applicable laws;

h.  review and analyze all applications, orders, statements, and schedules filed with the Court and advise the Debtor as to their propriety;

i.  assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives;

j.  assist and advise the Debtor with regard to communications to the general creditor body regarding any proposed chapter 11 plan or other significant matters in the chapter 11 cases;

3

  k. assist the Debtor with respect to consideration by the Court of any disclosure statement or plan prepared or filed pursuant to §§1125 or 1121 of the Bankruptcy Code and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan;

  l. perform such other legal services as may be required and/or deemed to be in the interest of the Debtor in accordance with its powers and duties as set forth in the Bankruptcy Code.

10. The Debtor has selected KWJS&S as its counsel because of the expertise and experience of the firm's attorneys in the fields of debtor and creditor rights, debt restructuring and corporate reorganization, and in representing debtors in chapter 11 bankruptcy cases. As such, the Debtor believes that KWJS&S is well qualified to represent it in this chapter 11 case.

## PROFESSIONAL COMPENSATION

11. KWJS&S has indicated its willingness to serve as counsel to the Debtor herein and to receive compensation on an hourly basis, subject to the approval of this Court and compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S. The current hourly rates charged for attorneys and paralegals are set forth in the Klestadt Affidavit.

12. On or about November 23, 2016, KWJS&S was provided with an advance deposit retainer in relation to the preparation of the instant matter in the amount of $101,717.00 (the "Retainer Funds"). After drawing against the Retainer Funds for services rendered and expenses incurred through December 5, 2016, as of the Petition Date, the sum of $42,724.50 remains as unapplied Retainer Funds that KWJS&S will maintain in connection with the Case.

13. To the best of the Debtor's knowledge, information, and belief, KWJS&S does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in

interest, or their respective attorneys, except as set forth in the Klestadt Affidavit, and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

14. KWJS&S respectfully requests that the retention of KWJS&S be authorized *nunc pro tunc* to the Petition Date.

15. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the retention of KWJS&S by the Debtor to perform the services described herein, *nunc pro tunc* to the Petition Date, and granting such other and further relief as the Court may deem just and proper.

[Signature Follows]

Dated: New York, New York
December 12, 2016

*/s/ Eddy Friedfeld*
By: Eddy Friedfeld
Title: Chief Restructuring Officer